TRINIDAD VIGO TORRES ET UX., Plaintiffs and Appellants, *v.* RAFAEL OJEDA MARTÍNEZ, Defendant and Appellee.

No. 5813.   Argued June 16, 1932.—Decided May 12, 1933.

*G. Cruzado Silva* and *F. M. Fernández* for appellants.   *J. Alegría* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

After the summary foreclosure of a mortgage on a house and lot, the mortgagors instituted this proceeding to recover the amount of an alleged homestead exemption. One of the defenses set up was that the money had been loaned for the purpose of finishing the building of the house. The plaintiffs objected to the evidence in support of this plea.

The mortgage deed described the house and lot and recited that the lot had been acquired by purchase and that the house had been built. Apart from this, it contained nothing to indicate that the house had been finished. The testimony to the effect that the house was still in the process of construction, although practically finished, and that the loan had been made in order that the mortgagors might finish the building did not change in any way the terms and conditions of the instrument. The district court did not err in overruling the objections of the plaintiffs.

The district judge in disposing of the case stated that he had no doubt that the loan was made for the purpose of completing the work or, at least, that it had been asserted that the money was needed for that purpose. The evidence was somewhat conflicting on this point, but we are unable to say that the trial judge was manifestly wrong in his conclusions. It might be conceded that the court erred in striking out the testimony of María Látimer to the effect that $5,000 was not needed to place the tiles, which was all that remained to be done. According to the statement of the case and opinion, it is sufficiently clear that even if this testimony had not been stricken the result would have been the same. The error, if any, in striking this testimony on the ground that the witness had not been shown to be competent to testify as an expert, is harmless.

The judgment appealed from must be affirmed.